### In the Matter of the Honorable Peter KATIC.

### No. 45S00-8903-JD-236.

Supreme Court of Indiana.

Feb. 12, 1990.

William T. Enslen, Hammond, for respondent.

Bruce A. Kotzan, Indianapolis, for Indiana Com'n on Judicial Qualifications.

PER CURIAM.

The Indiana Commission on Judicial Qualifications (Commission) and the Respondent, the Honorable Peter Katic, have entered into and now tender for this Court's approval, a Conditional Agreement for Discipline. The agreement emanates from a Notice of Institution of Formal Proceedings and Statement of Charges under the authority of Admission and Discipline Rule 25 and pursuant to I.C. 33–2.1–6–10.

On March 21, 1989, charges were filed by the Commission alleging that Respondent engaged in partisan political activity inappropriate to his judicial office under Canon 7 of the Code of Judicial Conduct. It was specifically alleged that Respondent's conduct was wilful and that it was prejudicial to the administration of justice bringing the judicial office into disrepute. In addition, the charges alleged that Respondent failed to uphold the integrity and independence of the judiciary; and that he failed to avoid impropriety and the appearance of impropriety; and that he did not conduct himself in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

The facts in the present case are not in dispute and are stated in the Conditional Agreement as follows:

1. That at all times material hereto, Respondent was duly acting as the elected Judge of the Hammond City Court, Lake County, Indiana.

2. That before and during the primary elections in 1986 in Lake County, Indiana, Respondent deliberately and publically acted as a leader in the Democratic political party.

3. That Respondent personally opposed the candidacy of one Horace Mamala for North Township Trustee and that Respondent deliberately made his position known in public and to the media.

4. That Respondent exploited his judicial position for the purpose of influencing his party's choice of primary candidates in that he threatened to relinquish his judicial position, and be replaced by a member of the Republican party, and to himself run in the election if his party did not run another candidate.

5. That Respondent led the search for candidates and personally and publically encouraged the candidacy of certain individuals in the primary races of 1986.

Judge Katic gave frequent interviews to newspapers in which he declared that he would run for Township Trustee against

Mamala if no one else did, saying on one occasion: "Every potentially good candidate has dropped the ball, and I'm the only one who has picked up the ball. And I will not pass the ball unless it's to someone who can slam dunk the ball." On another occasion, Respondent said of his effort to depose Mamala: "Today Marcos, tomorrow Mamala."

From the above agreed and undisputed facts, we find that the Respondent engaged in the charged misconduct. Respondent's conduct constituted violations of the Code of Judicial Conduct. Under Canon 1, Respondent failed to uphold the integrity and independence of the judiciary. Under Canon 2, he failed to avoid impropriety and the appearance of impropriety and did not conduct himself in a manner that promotes public confidence in the integrity and impartiality of the judiciary, Under Canon 7, Respondent's conduct was partisan political activity inappropriate to his judicial office. In addition, Respondent's conduct was wilful misconduct in office and was conduct prejudicial to the administration of justice that brings the judicial office into disrepute. I.C. 33–2.1–6–4.

In light of the foregoing facts and finding of misconduct, this Court concludes that the agreed discipline, a suspension from judicial office, without salary, for a period of thirty consecutive days, is appropriate.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Conditional Agreement for Discipline entered into by the parties is hereby approved; and accordingly the Respondent, Peter Katic, is hereby suspended from office without salary, for a period of thirty (30) days commencing on March 5, 1990. The Clerk is directed to send a copy of this opinion to the counsel of Record and to the auditor of the City of Hammond, Lake County, Indiana.

Costs of this proceeding are assessed against Respondent.