**In the Matter of the Honorable Peter KATIC, Judge of the Hammond City Court.**

**No. 45S00–9107–JD–545.**

Supreme Court of Indiana.

July 10, 1992.

William T. Enslen, Enslen, Enslen & Matthews, Hammond, for appellant.

Bruce Kotzan and Meg W. Babcock, Indiana Com'n on Judicial Qualifications, Indianapolis, for appellee.

PER CURIAM.

The Indiana Commission on Judicial Qualifications (Commission) and the Respondent, Peter Katic, former Judge of the

Hammond City Court, have entered into a Conditional Agreement for Discipline. They tender that Agreement for the Court's approval.

On July 18, 1991, pursuant to the procedures outlined in Admission and Discipline Rule 25, the Commission charged Respondent with violation of Canons 1, 2, and 3 A(3) of the Code of Judicial Conduct.

The facts which form the basis of these charges are stipulated by the parties as follows:

A) That at all times material hereto, the Respondent was duly acting as Judge of the Hammond City Court.

B) That on February 14, 1991, the Respondent invited a female employee of the Clerk of the Court into Respondent's office.

C) That on this occasion, in the presence of the female clerk employee, a Hammond Police Officer, and an employee of the court, Respondent turned his back to the female clerk and without invitation or forewarning, pulled down his pants, revealing his undergarments and portions of his bare buttocks.

In the Conditional Agreement for Discipline, the parties note the Respondent has admitted the inappropriate nature of his behavior, apologized to the individual involved, and accepted the consequences of his misconduct. In light of such circumstances, the parties agree the appropriate sanction should be a reprimand and order prohibiting service as a judge for a period of eight years.

The Court finds, and the parties agree, Respondent's acts on February 14, 1991, constituted: (1) willful misconduct which brings the judicial office into disrepute, (2) a failure to maintain standards that preserve confidence in the integrity of the judiciary, in violation of Canon 1 of the Code of Judicial Conduct, (3) a failure by the Respondent to conduct himself at all times in a manner that promoted public confidence in the integrity of the judiciary, in violation of Canon 2 of the Code of Judicial Conduct, and (4) a failure by Respondent to be dignified and courteous to persons with whom he deals in his official capacity, in violation of Canon 3 A(3) of the Code of Judicial Conduct. All of these violations are grounds for discipline under Admission and Discipline Rule 25 III(A).

IT IS, THEREFORE, ORDERED, ADJUDGED, and DECREED that the Conditional Agreement for Discipline entered into by the parties is hereby approved. Accordingly, the Court hereby PUBLICLY REPRIMANDS and ADMONISHES the Respondent, Peter Katic, for the conduct noted herein. The Court further PROHIBITS Respondent from service as a judge for a period of eight years from the date of this Order. This discipline terminates and forecloses all disciplinary proceedings relating to the circumstances giving rise to this cause.

Costs of this proceeding are assessed against Respondent.