**In the Matter of Peter KATIC, Respondent.**

No. 45S00–0804–DI–179.

Supreme Court of Indiana.

Jan. 20, 2009.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Count I: On September 13, 2007, Respondent appeared in court with the blood alcohol content of 0.201%. He later pled guilty to Public Intoxication, a class B misdemeanor. Count II: As a result of a car accident on Octo-

ber 5, 2007, Respondent pled guilty to operating a vehicle while intoxicated, a class C misdemeanor. Respondent has since received outpatient and aftercare treatment, and he apologized in writing to the judge for his behavior in Count I

Respondent had been disciplined twice in the past for misconduct while serving as a judge. *See Matter of Katic,* 595 N.E.2d 259 (Ind.1992); *Matter of Katic,* 549 N.E.2d 1039 (Ind.1990).

**Violation:** The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(b), which prohibits committing a criminal act that reflects adversely on honesty, trustworthiness, or fitness as a lawyer.

**Discipline:** The Court, having considered the submission of the parties, now APPROVES and ORDERS the following agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 180 days, beginning February 27, 2009, with 60 days actively served and the remainder stayed subject to completion of at least 30 months of probation.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) Respondent shall meet all requirements of his monitoring agreement with the Judges and Lawyers Assistance Program and shall have no violations of any law or the Rules of Professional Conduct during his probation.

(2) If Respondent violates his probation, the Commission will petition to revoke his probation and request that the balance of the stayed suspension be actively served without automatic reinstatement, and that Respondent be reinstated only

through the procedures of Admission and Discipline Rule 23(4) and (18).

Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). Respondent's probation shall remain in effect until it is terminated pursuant to Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Court directs the Clerk to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d), and to Thomson/West for publication in the bound volumes of this Court's decisions.

All Justices concur, except SHEPARD, C.J., who dissents, believing the discipline to be inadequate.